# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARGO G.,<br><br>　　　　　　　　　　Plaintiff,<br>　vs.<br>KARL BLOOMFIELD, et al.,<br><br>　　　　　　　　　　Defendants. | CASE NO. 05cv2242 JM(AJB)<br><br>ORDER GRANTING IN PART AND DENYING IN PART APPLICATION FOR ATTORNEY'S FEES |

　　　On August 13, 2006 the court granted Defendants' motion to set aside default and awarded Plaintiff her attorney's fees.  Plaintiff has submitted an Application for Attorney's Fees ("Application") and Defendants Karl Bloomfield, Douglas Holbrook and Law Offices of Holbrook & Bloomfield object to the Application.  This motion, originally calendared for December 22, 2006, has been continued at Plaintiff's request, and is taken under submission pursuant to Local Rule 7.1(d)(1).

　　　The court awarded attorney's fees to Plaintiff's counsel, for all costs associated with Defendants' motion to set aside default, under its inherent authority, see F.J. Hanshaw Enters., Inc. v. Emerald River Dev., Inc., 244 F.3d 1128, 1136 (9th Cir.2001) ("All federal courts are vested with inherent powers enabling them to manage their cases and courtrooms effectively and to ensure obedience to their orders.... As a function of this power, courts can dismiss cases in their entirety, bar witnesses, award attorney's fees and assess fines."), and  28 U.S.C. §1927: "Any attorney or other person

1  admitted to conduct cases in any court of the United States or any Territory thereof who
2  so multiplies the proceedings in any case unreasonably and vexatiously may be required
3  by the court to satisfy personally the excess costs, expenses, and attorneys' fees
4  reasonably incurred because of such conduct."  The court finds that Defendants
5  unreasonably multiplied these proceedings, and failed to act with reasonable diligence,
6  by failing to timely respond to the complaint.

7  Defendants oppose the Application because Plaintiff's counsel failed to support
8  the application with any admissible evidence, the claimed hourly rate is not supported,
9  and that fees should be denied because default was obtained by fraudulent means in that
10 the individual defendants were never properly served.  These arguments are not
11 persuasive.

12 In the main, the award of fees is a two stage process.  The court first determines
13 whether an award is appropriate and then the prevailing party seeking recovery of
14 attorney fees bears the burden of establishing entitlement and documenting the hours
15 expended and hourly rates. See, e.g., Blum v. Stenson, 465 U.S. 886, 895-896 n. 11
16 (1984); Perotti v. Seiter, 935 F.2d 761, 764 (6th Cir.1991).  Once a properly
17 documented and supported fee application is filed, the nonprevailing party has an
18 opportunity to challenge the reasonableness of those fees. See David G. Knibb, Federal
19 Court of Appeals Manual 355 (2d ed. 1990) (describing an analogous bifurcated
20 procedure for making a motion for Rule 11 sanctions).  Ordinarily, the court would not
21 award fees where the prevailing party fails to substantiate and document her attorney's
22 fees to allow the nonprevailing party an opportunity to challenge the reasonableness of
23 the fees.  Here, however, Defendants filed a reply brief in which they were provided an
24 opportunity to challenge the evidence and supporting materials submitted by Plaintiff
25 in his Rebuttal brief.  Therein Defendants raised specific objections to the amount of
26 attorney's fees, which the court considers below.

27 The request for attorney's fees incurred by Plaintiff in responding to Defendant's
28 motion to set aside default is granted to the extent of 16 hours, not 28.  The court notes

1  that much of Plaintiff's opposition brief simply does not address pertinent Rule 55
2  issues but consists of a sympathetic portrayal of Plaintiff's plight and  and a repetition
3  of the basic allegations set forth in the complaint and previous filings.  Plaintiff
4  characterizes much of the argument as bearing on Rule 404(b) issues.  (Biggs Decl.
5  ¶12).  The court approves the remaining hours and costs as reasonable.  The court also
6  finds that the hourly rate of $295 is reasonable under the circumstances.

7  As to the total fee request, Defendants only make specific objection to a
8  statement in the application that total claimed hours "includes staff support."  (Notice
9  of Compliance and Application ¶1).  The court rejects this argument as Plaintiff
10 explains that the total amount of claimed hours does not include any separate secretarial
11 expenses but, rather, those expenses are included in the hourly rate.  (Biggs Suppl. Decl.
12 ¶16).  Finally, Defendants' argument that service was improper, at least as to the
13 individual Defendants, is better raised by appropriate motion.

14 In sum, the court awards on behalf of Plaintiff's attorney and against the Law
15 Offices of Holbrook and Bloomfield and attorneys Karl Bloomfield and Douglas
16 Holbrook total fees and costs of $6777 (prepare and respond to motion to set aside
17 default, 16 hours at $295 per hour; travel time $1,327.5, oral argument, $442.50; airline
18 ticket, $249; and parking, $38).  The court orders this sum to be paid within 30 days of
19 entry of this order, and further reminds the parties that Defendants' relief from default
20 was conditioned upon the payment of these attorney's fees.  (Order Conditionally
21 Granting Motion to Set Aside Default at p.9).  Defendants are also instructed to file a
22 response to the complaint within 30 days of entry of this order.

23 **IT IS SO ORDERED.**
24 DATED:  February 6, 2007

_____
Hon. Jeffrey T. Miller
United States District Judge

27 cc: All Parties
28